

United States Courts
Southern District of Texas
FILED

*JB*  NOV 0 3 2006

Michael N. Milby, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| APRIL DUPREE ADESHILE,<br>Plaintiff, | § <br> § <br> § |  |
| Vs. | § <br> § <br> § | CIVIL ACTION NO. |
| METROPOLITAN TRANSIT<br>AUTHORITY OF HARRIS COUNTY,<br>Defendant. | § <br> § <br> § | **H - 06 - 2480**<br><br>DEMAND FOR JURY TRIAL |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

APRIL DUPREE ADESHILE, Plaintiff, complains of METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY ("Metro"), Defendant, and would respectfully show the Court as follows:

### A. The Parties

1. Plaintiff, APRIL DUPREE ADESHILE, is an Individual whose address is 12207 Enclave Court, Stafford, Texas 77477 Fort Bend County, Texas. On March 3, 2002, Plaintiff gained employment with Metro as a bus operator. As of the filing date of this petition, Plaintiff maintains employment with Metro.

2. Defendant, Metropolitan Transit Authority of Harris County Texas is a Texas Corporation with its principal place of business in Harris, County Texas located at Lee P. Brown METRO Administration Building, 1900 Main Street, Houston, Texas 77002. Metro employs 500 or more employees and may be sued in this court under Title VII.

### B. Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this suit under 28 U.S.C. Sections 1331, 1343(4) and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. sections 2000e *et seq*. ("Title VII). This action arises under the laws of the United States regulating commerce and providing for the protection of Civil Rights.

4. Venue is proper under 28 U.S.C. section 1391(b)(2).  Plaintiff was employed at all times relevant to this lawsuit by the Defendant within Harris County, Texas located within the Southern District of Texas.

## C. Exhaustion of Administrative Remedies

5. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff files this complaint within 90 days of receiving a notice of the right to sue from the EEOC.  A copy of the notice of the right to sue is attached as Exhibit 1.  All administrative remedies have been exhausted.

## D. Count One Sexual Harassment Under Title VII

6. Plaintiff is a female employee protected under Title VII of the Civil Rights Act of 1964.

7. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964 that engages in an industry affecting commerce and has employed the requisite number of employees for the requisite duration under Title VII.

8. Defendant intentionally discriminated against Plaintiff in violation of Title VII by creating a hostile work environment.  Since, Plaintiff's employment, she has been sexually harassed by at least five female employees.  Three of the five female employees are supervisors which include Melanie Laflur, Shirley Mitchell, and Cordia Jackson.  Plaintiff was also sexually harassed by at least one male supervisor named Malcolm Price.  Defendant knew or should have known of the hostile work environment.  Defendant failed to take effective remedial measures.

9. On May 3, 2002, Plaintiff, April D. Adeshile, was employed by Metro as a bus operator.  In June of 2002, Plaintiff attended the new hires training session.  There Ms. Adeshile encountered Cynthia Green who openly shared with Plaintiff and other co-workers that she was a lesbian.  Ms. Green engaged in conversations detailing her previous sexual encounters with various partners.   Also, she discussed the sexually acts that she enjoyed performing with her partners.  Plaintiff reported the incident to her Training Instructor, Mr. Urbina.  He advised Plaintiff to ignore the problem and focus on completing the training course.  Mr. Urbina stated the Plaintiff did not need any trouble while during the training process.  Throughout training, the new hires were instructed not to report or tell of company violations by co-workers because co-workers would remember and hold a grudge.

2

10. In January of 2005, Jesse Hall, a security office, contracted by Metro made numerous inquiries of Plaintiff's sexual orientation. Ms. Hall inquired whether Plaintiff had a sexual interest in women. During the months of January, February, March, and a portion of April, Ms. Hall verbally questioned Plaintiff regarding her sexually orientation, sexually preferences, and commented regarding her belief of Plaintiff's sexually orientation. Ms. Hall repeatedly accused Plaintiff of being a lesbian with sexually interested in women. Plaintiff denied these statements and informed Ms. Hall that her remarks were offensive and untrue.

11. In April of 2005, Plaintiff wrote a letter to Pete Lapuyade, a Superintendent with Metro, detailing the inappropriate comments and sexually explicit dialogue used by Ms. Hall toward Plaintiff. Mr. Lapuyade determined that other individuals had suffered harassment by Ms. Hall and she was terminated.

12. On February 10, 2006, Plaintiff proceeded on San Jacinto, along her scheduled route, when Supervisor Shirley Mitchell approached in a Metro vehicle honking her horn. Supervisor Mitchell rolled down the car window and requested that Plaintiff meet her at the next light located on Prairie and San Jacinto. Plaintiff complied with her supervisor's request. Ms. Mitchell told Plaintiff that "I am going to get you, don't play me." Plaintiff informed Supervisor Mitchell that she was doing her job and that she needed to leave before she fell behind scheduled. Supervisor Mitchell told Plaintiff "you can go, but remember I am going to get you." On several occasions, Supervisor Mitchell observed and stared at Plaintiff from a distance. Plaintiff felt extremely uncomfortable and believed this statement and behavior was of a sexual nature.

13. Plaintiff also suffered harassment from a situation with Supervisor Melanie Laflur. Supervisor Laflur filed a disciplinary report (write-up) against Plaintiff which was later determined by Superintendent Joann Petit was personal and refused to place the write-up in Plaintiff's personal file. Plaintiff requested a copy of the report but was denied. Supervisor Laflur, Supervisor Mitchell and Supervisor Jackson are friends and plotted and schemed to file disciplinary reports against Plaintiff.

14. On July 13, 2006, Plaintiff applied for a Street Service Position with Defendant. Thereafter, Plaintiff's application was not selected for the position but she called on at least three occasions to inquiry why she was not selected. Plaintiff was given three conflicting explanations. Plaintiff believes that she was passed over for the promotion based upon the harassment of her supervisors.

15. In August of 2006, Supervisor Malcolm Price stated to Plaintiff that "I am going to stick my tongue inside of your vagina and that when I am done you are not going to want anything else." Plaintiff expressed that she was very uncomfortable with his remarks and told him that he needed to stop. Two weeks prior to this incident, he grabbed Plaintiff and attempted to kiss Plaintiff on the lips. Plaintiff asked Supervisor Price to stop and he released Plaintiff. Plaintiff informed

3

Supervisor Price that she was not interested in him and that his behavior was unprofessional as her supervisor and inappropriate for a married man.

16. On many occasion within the 300 days of filing Plaintiff's claim with EEOC, Plaintiff has been subjected to sexually explicated language and graphic conversations depicting sexual encounters of employees with other employees on the shuttle ridden by the bus operators. During on incident, a co-worker was called at home while on vacation and told that his name was displayed on the ladies bathroom wall "don't have sex with Bernard because his dick doesn't rise above his stomach." Bernard replied "that's a damn lie, but if you want to try me and see for yourself I can show you." The female co-worker replied "that's okay, I don't like short stubby dicks, I like something I can feel, like something long and hard." This conversation was heard by everyone on the shuttle over a cellular phone speaker.

17. Defendant did not exercise reasonable care to prevent and cure allegations of sexual harassment. Defendant ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.

### E. Damages

18. As a direct and proximate result of defendant's conduct, Plaintiff suffered the following injuries and damage.

   a. Plaintiff was denied a promotion for Street Service with defendant resulting in an increase in salary and benefits.
   b. Plaintiff suffered mental anguish and emotional distress in the form of constant fear and weariness. Plaintiff is mentally drained and tired of being harassed.
   c. Plaintiff has suffered irreparable injury from the defendant's policy and practice as stated in this complaint.
   d. Defendant acted with malice and reckless disregard to plaintiff's civil rights therefore entitling Plaintiff to punitive and/or exemplary damages.
   e. Plaintiff is entitled to money damages for defendant's violation of her rights as guaranteed under Title VII.

### F. Attorney Fees

18. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §200e-5(k).

### G. Prayer

18. For these reasons, Plaintiff ask for judgment against defendant for the following:

4

a. Declaring that the acts and practices complained of herein are in violation of Title VII;

b. Injunctive relief preventing defendant from tolerating such acts and practices in violation of Title VII;

c. Perform her duties free of harassment and hostility;

d. Awarding Plaintiff compensatory damages, punitive damages, and such other monetary relief as may be deemed appropriate in amounts to be determined at trial;

e. Awarding Plaintiff prejudgment interest to the maximum extent permitted by law;

f. Awarding Plaintiff the cost of this action included but not limited herein to expert witness fees, reasonable attorneys fees;

g. Directing defendant to pay Plaintiff damages for her mental anguish; and;

h. Granting all other relief as this Court deems necessary and proper.

## H. **Demand for Trial by Jury**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

By: _____

Farrah Gathright Martinez
Attorney-in-Charge
Texas Bar No. 24044396
Federal ID. No. 633599
1314 Texas Ave., Suite 412
Houston, Texas 77002
Telephone (713) 226-8920
Facsimile (713) 226-8921

ATTORNEY FOR PLAINTIFF
APRIL D. ADESHILE

**Certificate of Service**

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Federal Rules of Civil Procedure on November 3, 2006. Defendant's known address is **Lee P. Brown METRO Administration Building, 1900 Main Street, Houston, Texas  77002.**

_____
FARRAH GATHRIGHT MARTINEZ
Attorney for Plaintiff

# PLANTIFF'S EXHIBIT 1

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Ms. April D. Adeshile<br>Post Office Box 720281<br>Houston, TX 77272 | From: Houston District Office - 460<br>1919 Smith St, 7th Floor<br>Houston, TX 77002 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2006-04690 | Joseph M. de Leon,<br>Enforcement Supervisor | (713) 209-3423 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____  7/31/06
Jeanette M. Leino,                        (Date Mailed)
District Director

Enclosures(s)

cc:   Karen Kauffman
      EEO Speacialist
      METROPOLITAN TRANSIT AUTH
      P O Box 61429
      Houston, TX 77208